G. R. HARNESS, Appellant, v. EDWARD TEITEL, Jr., Appellee.

No. 42541.

DECEMBER 17, 1935.

REHEARING DENIED JUNE 20, 1936.

O. H. Allbee and C. H. Van Law, for appellant.

F. E. Northup, and Gibson & Stewart, for appellee.

PARSONS, J.—This action was for collision between two automobiles. Plaintiff in his petition claimed that in March, 1931, he was riding in an automobile belonging to one Fred Schultz, at the invitation of Schultz and as his guest. That the Schultz car was going south on the public highway about 7 miles south of the Lennox Furnace Company on Twelfth avenue, Marshalltown. That the defendant Tehel was driving a Ford coupe north in the same place at the same time. That the car in which plaintiff was riding was being driven up a hill going south, at a distance of approximately 150 feet north of the top of said hill; and that the defendant, Ed Tehel, Jr., was driving his said automobile north, coming over the top of the hill from the south. That the defendant was driving his car at said time and place at a speed of 60 miles per hour. That the defendant drove his car over the top of the hill on the wrong side of the road, and he could see the Schultz car for a distance of approximately 200 feet. That the Tehel car was coming down the hill, and the collision occurred when the two cars were about 75 feet north of the top of the hill, and at a point about 3 feet west of the center of the traveled portion of the highway. The plaintiff claims to have received serious injuries for which he claims $500 for pain and suffering, and $875 in all, $200 being for loss of time; and that

by reason of the collision, plaintiff suffered great pain, and also hernia.

The defendant in his answer admitted plaintiff was a passenger in the Schultz car, which car was driven by Schultz at the place, substantially as stated by the plaintiff; and he denied each and every other allegation of the plaintiff. He, further answering, averred that the collision between the Schultz and Tehel cars was without fault on the part of the defendant, and was due to negligence and want of care of Fred Schultz, which negligence was known to the plaintiff, and that plaintiff was chargeable with negligence causing and contributing to the injury and damage complained of. The case was tried to a jury. The jury found for the defendant, and the plaintiff has appealed to this court.

The abstract in this case consists of 97 pages, and the appellee's amendment to the abstract consists of 12 pages, and the plaintiff filed what he denominates, DENIAL OF APPELLEE'S AMENDMENT TO ABSTRACT AND APPELLANT'S AMENDMENT TO ABSTRACT, consisting of five pages. The appellant, under our rules, makes up his abstract; if the appellee is not satisfied with it, he makes up his amendment to the abstract; then if the appellant is not satisfied he denies the amended abstract and has the testimony certified to this court, that this court may determine which is right. We know of no other provision or way that the matter in regular order may come before this court.

The record is quite involved and there are very serious conflicts of evidence in it, and the case was hotly contested, evidently, for we find in the record, as sent to us, 31 objections of defendant to testimony by the plaintiff, all of which were sustained, and we find 12 objections by plaintiff to the testimony of defendant, all of which were overruled. Many of the objections made, it appears to us, were frivolous, and many of the objections overruled should have been sustained. The testimony on some matters subsequently went in that was sought to be overruled, and other testimony went in without objection.

There was no dispute in the record whatever that the plaintiff was riding as a guest in the Schultz car, and that it was traveling south from Marshalltown, with Schultz, the plaintiff Harness, and a child with them, all in one seat. There is no dispute in the record that the Tehel car was driven with three grown persons in the seat of the driver. There is no dispute that the

collision took place while the plaintiff was going south in the Schultz car, and the Tehel car was going north. All of the parties testifying from the Schultz car testified that the Tehel car was on the west, or wrong side, of the traveled portion of the road; that is, west of the center of the highway. On the other hand, those who were in the Tehel car all testified that the Tehel car was driven on the east side of the road. The collision took place on the hill sloping to the north. The record establishes that when the Schultz car was within about 150 feet of the top of the hill, the occupants of the car saw the Tehel car coming over the hill, and claimed that at that time it was partly on the wrong side of the road. The collision took place some distance from the top of the hill, and the Schultz car was thrown in the ditch by the collision, and the Tehel car ran on down the hill and turned over on its side, about 75 feet from the Schultz car.

All of the occupants of the Schultz car, except the child, testified that the Tehel car was on the wrong side of the road, and the occupants of the Tehel car testified that the Schultz car was on the wrong side of the road; so it became very material to show by such other evidence as would tend to support either side or the other.

The testimony further showed that the maintainer had just been over the road, showing that the tracks of the two cars could be plainly followed from where they came to the point of the collision; and either side was entitled to have such testimony admitted to bolster up either theory of the case, which would show where the cars really were. That surely could be shown by the tracks of the cars. To start from the point of the collision, knowing which were the tracks of the Tehel car, and knowing which were the tracks of the Schultz car, there would be no question that one could walk right back over the tracks, and could testify as to them.

We have carefully examined all of the objections made and ruled on, admitting this last testimony, and to us there is no question that the court unduly limited the right of the plaintiff particularly to get this part of the evidence sustaining his theory on the case to the jury, and that he really in fact applied one rule for the plaintiff in excluding testimony, and another rule in admitting testimony of the defendant. This was upon a point which is of material significance in the case, and it would result that whatever instructions were given that did

not take this out of the record is error, and no such instructions were given, and for that reason the judgment of the lower court is reversed.

KINTZINGER, C. J., and ALBERT, ANDERSON, POWERS, HAMILTON, RICHARDS, DONEGAN, and MITCHELL, JJ., concur.